# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-mj-00128-NJK |
| Plaintiff, | **ORDER** |
| v. | (Docket No. 3) |
| RYAN TODD, | |
| Defendant. | |

On June 23, 2021, a grand jury sitting in Topeka, Kansas issued an indictment charging Defendant Ryan Todd with possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Docket No. 1 at 2-4. On February 15, 2023, after having been arrested in this District, Defendant appeared before this Court for his initial appearance in a Rule 5(c)(3) proceeding on the indictment as well as his detention hearing. Docket No. 5. After hearing argument from both counsel, the Court ordered Defendant released on certain conditions and further ordered him to appear in the District of Kansas on February 21, 2023, for his next court appearance. *Id.* *See also* Docket Nos. 12, 13. On February 16, 2023, at the request of United States Pretrial Services, the Court modified Defendant's conditions to allow him to remain in this District until he leaves for Kansas for his first appearance. Docket No. 4.

On February 16, 2023, Defendant filed a motion to provide transportation.[1] Docket No. 3. Defendant submits that he is financially unable to provide transportation to the District of Kansas

---

[1] Defendant filed the motion sealed, *ex parte*. Defendant failed, however, to file a motion to seal or to justify why his request is filed *ex parte*.

The First Amendment protects the public's right of access to criminal proceedings. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including those from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).

to appear for his court proceeding.  *Id.* at 1.  Defendant therefore asks the Court to order the United States Marshal to provide transportation and subsistence to and from his court appearances, pursuant to 18 U.S.C. § 4285.  *Id.* at 2.

When a defendant is released and his subsequent appearance is a condition of the release, the Court, upon finding that the defendant is financially unable to appear and that the interests of justice will be served, may authorize United States Marshal to arrange for his "means of noncustodial transportation or furnish the fare for such transportation *to* the place where his appearance is required."  18 U.S.C. § 4285 (emphasis added).  This includes "subsistence expenses *to* his destination."  *Id.* (emphasis added).

The Court previously found Defendant indigent and appointed counsel.  Docket Nos. 5, 8.  Based on the Court's prior finding, and being advised of no changes to Defendant's financial condition, the Court now finds that Defendant is financially unable to appear as directed and that the interests of justice would be served by directing the United States Marshal to provide for his transportation to the District of Kansas and subsistence during his travel.  However, the statute does not provide for the payment of subsistence upon arrival in Kansas or travel expenses to return to Arizona, where the Court ordered him to reside, following his court appearance.  *See* 18 U.S.C. § 4285.  In fact, Courts routinely conclude that payment of such expenses is not authorized.  *See, e.g.*, *United States v. Buntyn*, 2022 WL 4103979, at *1 (D.N.M. Sept. 8, 2022); *United States v. Ng*, 2022 WL 1478541, at *1–2 (W.D. Wash. May 10, 2022); *United States v. Silkeutsabay*, 2015 WL 13449660, at *1 (E.D. Wash. Dec. 15, 2015); *United States v. Ibarra*, 2014 WL 4352063, at *2 (S.D. Cal. Sept. 2, 2014); *United States v. Centeno,* 2009 WL

---

Defendant fails to provide facts or persuasive argument demonstrating why his motion should be sealed.  *See United States v. Ng*, 2022 WL 1478541, at *1–2 (W.D. Wash. May 10, 2022).  *See also* LR IA 7-2(b) (*ex parte* motion "must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis").  Further, in reading Defendant's motion, the Court discerns no information that needs protection.  As a result, the Court issues this order on the public docket and **INSTRUCTS** the Clerk's Office to unseal the motion and remove the *ex parte* designation.

3334144, at *1 (S.D. Cal. 2009); *United States v. James,* 762 F.Supp. 1, 2 (D.D.C.1991) ("while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing"); *United States v. Haley,* 504 F.Supp. 1124, 1129 (E.D. Pa. 1981) ("[T]he statute does not authorize subsistence funding for defendants once they arrive at the place of trial and during trial, which could be extended."); *United States v. Sandoval,* 812 F.Supp. 1156, 1157 (D.Kan. 1993) ("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching" the District where the hearing will occur); *United States v. Gundersen*, 978 F.2d 580, 584 (10th Cir. 1992) ("[T]he statute does not authorize payment of subsistence during the period of trial; it authorizes payment only for the travel to court and subsistence during the period of travel").  The Court sees no reason to depart from those holdings in this instance.

Accordingly, Defendant's motion for transportation is **GRANTED** in part and **DENIED** in part.  Docket No. 3.  The Court **ORDERS** the United States Marshal to arrange and pay for Defendant's non-custodial, one-way transportation from Las Vegas, Nevada to Topeka, Kansas. The Court further **ORDERS** the Marshal to provide subsistence expenses, not to exceed  the amount authorized as a *per diem* allowance for travel under 5 U.S.C. § 5702(a), while Defendant is traveling to Topeka.  In all other respects, the motion for transportation is **DENIED**.

IT IS SO ORDERED.

DATED: February 17, 2023.


NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE